King v. King                          CV-94-140-SD  09/11/95

UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


<u>Doug King;</u>
<u>Cheryl King</u>


      v.                                    Civil No. 94-140-SD


<u>Greg King</u>



                           O R D E R


     Plaintiffs have filed a motion in limine which seeks to bar

the defendant from invoking as a defense certain Recreational Use

statutes promulgated by the New Hampshire Legislature.  Document

15.  Defendant has objected to the motion, document 18, and has

also moved to amend his answer to include the defenses detailed

in those statutes, document 17.  Plaintiffs have filed a

replication to the defendant's objection, document 20, together

with an objection to the motion to amend answer.[1]

_____

     [1]The objection, as yet undocketed, was filed September 6,
1995.  Because of the result herein reached, the court finds it
unnecessary to address plaintiffs' arguments that the defendant's
filings were untimely.  Were timeliness at issue, however, the
court would resolve such issue in favor of defendant.

1.  Background

In this litigation, plaintiffs, husband and wife, seek to recover damages as a result of injuries sustained by the wife while snow-tubing on residence premises of the defendant. Plaintiffs allege, inter alia, that defendant "had a duty to exercise reasonable care not to submit Cheryl King to an unreasonable risk of harm." Complaint ¶ 12. Plaintiffs further allege that such duty was breached because defendant negligently advised or encouraged plaintiff Cheryl King "to descend the hill on the snow tube when he was aware of the hazards present at the bottom of the hill which she knew nothing about." Id.[2]

The Recreational Use statutes, New Hampshire Revised Statutes Annotated (RSA) 212:34[3] and 508:14,[4] generally abrogate

---

[2]The complaint further alleges that defendant descended the hill on a snow tube and struck a hazard which caused him to be thrown from the snow tube without injury. Complaint ¶ 8. Allegedly, this incident was witnessed by plaintiff Doug King but not by plaintiff Cheryl King. Id. Doug King allegedly warned defendant not to permit Cheryl King to descend the hill on the snow tube. Id. ¶ 9. Nevertheless, defendant went up the hill, told Cheryl King that the ride on the hill was enjoyable, "and then instructed her to sit on the snow tube and pushed her down the hill." Id. ¶ 10.

[3]RSA 212:34, I, provides in relevant part, "An owner, lessee or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for . . . winter sports . . . or to give any warning of hazardous conditions . . . on such premises to persons entering for such purposes . . . ."

[4]RSA 508:14, I (Supp. 1994), provides in relevant part, "An owner, occupant, or lessee of land . . . who without charge

2

any legal duty on the part of an owner, lessee, or occupant of land toward another person whom he allows to make uncompensated use of such land for recreational purposes. Fish v. Homestead Woolen Mills, 134 N.H. 361, 366, 592 A.2d 1151, 1154 (1991); Kantner v. Combustion Eng'g, 701 F. Supp. 943 (D.N.H. 1988) (Loughlin, J.). Plaintiffs claim that they have designed their pleadings to avoid the strictures of those statutes "because the plaintiffs' claims are not premised on the defendant's ownership or maintenance of the premises, but rather on the duty which all individuals have not to subject others to unreasonable risk of harm." Document 15 ¶ 3.

## 2. Discussion

Plaintiffs' arguments strip their claims of any reliance on the defendant's ownership or control of the premises upon which the alleged accident occurred. Put simply, the only legal duty claimed is that of one snow-tuber who, on descending a hill, encounters a hazard which separates him from his snow tube without injury, to warn or prevent another snow-tuber from descending the same hill.

The court expresses no opinion as to the existence of or

---

permits any person to use land for recreational purposes . . . shall not be liable for personal injury in the absence of intentionally caused injury or damage."

scope of any such legal duty.  Because, however, it is the only theory upon which plaintiffs here claim a right of recovery, the Recreational Use statutes set forth in RSA 212:34, I, and 508:14, I (Supp. 1994), do not here apply, the defendant's motion to amend answer is accordingly denied, and the plaintiffs' motion in limine is herewith granted.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

September 11, 1995

cc:  Donald E. Gardner, Esq.
     Mitchell P. Utell, Esq.

4